UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  CASE No. 8:09-CR-359-T-17TGW

MARKIECE LAMAR CRAFT,
AMOS DAYMONE WALLACE,
JOSHUA R. MAYNOR.

---

REPORT AND RECOMMENDATION

The government has filed a Motion for Leave to Conduct Deposition (Doc. 62). The defendants have responded (Docs. 64, 65, 66). The matter was referred to me for a report and recommendation (Doc. 67).

Kimberly Sutton, a crime laboratory analyst for the Florida Department of Law Enforcement, is a witness in the government's case against defendant Amos Daymone Wallace. The government requested to depose Sutton prior to trial because there is a substantial likelihood her pregnancy will render her unavailable at trial.

At an evidentiary hearing held on the government's motion, Sutton testified that she is 38 ½ weeks pregnant with a due date of June 2, 2010. Sutton explained that her doctor has scheduled her for induction on June 7, 2010, the date the trial is set to begin, if labor does not begin by that time.

The deposition of a witness may be ordered prior to trial where there are exceptional circumstances which make the preservation of the testimony essential "in the interest of justice." F.R.Crim.P. Rule 15(a). Under this rule, the government must show that the expected testimony is material and that there is a "substantial likelihood that the proposed deponent will not [be available to] testify at trial." United States v. Drogoul, 1 F.3d 1546, 1551-53 (11th Cir. 1993). The evidence identified by the government is material because it tends to place Wallace in the vehicle that was the subject of the car theft. Moreover, at this point, there is a substantial likelihood that the witness's availability for trial will be precluded by the timing of her delivery and corresponding physical and mental recovery period. See Duckett v. McDonough, __ F.Supp.2d __, 2010 WL 1249840 n. 6 (M.D. Fla. 2010). Furthermore, medical complications from pregnancies are not uncommon. United States v. Dumas, 1991 WL 274857 (E.D. Pa. 1991).

In view of the very short time remaining, the parties were directed to go forward with the deposition (Doc. 72). However, that direction is subject to objection by the parties to this Report and Recommendation. In addition, the use of the deposition is also subject to the availability of the witness at the time of the trial.

Defendant Amos Daymone Wallace objects to the deposition on the basis that, even in video format, "the jury will be unable to observe and hear the witness's demeanor in the same manner they could if she were present" (Doc. 66, p. 3). Wallace's concerns, however, are greatly ameliorated, if not eliminated, by the jury's ability to perceive, among other things, the witness's facial expressions and tone of voice, through video technology. Moreover, defendants Craft and Maynor not only do not oppose the government's motion, but, at the hearing, indicated that they expect to use her testimony.

I therefore recommend that the deposition of Kimberly Sutton be permitted. Whether the deposition may be used at trial is a separate issue that is not covered by this Report and Recommendation.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: MAY 24, 2010

NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).